# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1715V
(Unpublished)

| | |
|---|---|
| LAUREN ARGIRI, | Special Master Katherine E. Oler |
| Petitioner, | |
| v. | Filed: October 11, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |

## DECISION DISMISSING PETITION[1]

### I.  Procedural History

On November 3, 2017, Elizabeth and Samuel Argiri (former Petitioners), parents and natural guardians of Lauren Argiri ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that Petitioner suffered occipital neuralgia, manifesting as chronic, severe and long-lasting headaches and other injuries as a result of the human papillomavirus ("HPV") vaccines she received on November 4, 2014 and January 23, 2015.  Pet. at 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner filed a statement of completion on June 11, 2018, and December 17, 2021. ECF Nos. 24, 87. On September 27, 2018, Respondent filed a Rule 4(c) Report stating compensation was not appropriate and this case should be dismissed. Resp't's Rep. at 1, 12, ECF No. 27.

On January 28, 2020, Petitioners filed an expert report from Dr. Jesper Mehlsen. Ex. 30. On June 1, 2020, Respondent filed expert reports from Drs. Dara Jamieson, Andrew MacGinnitie, and Randy Longman. Exs. A, C, E. On February 10, 2021, Petitioners filed a supplemental expert report from Dr. Mehlsen. Ex. 44.

On April 12, 2021, Respondent filed a status report requesting a number of records be filed by Petitioners, including their social media posts, updated treatment records, and missing medical records. ECF No. 60. These records were filed over the next few months. Exs. 85-121.

On April 8, 2022, Respondent filed additional expert reports from Drs. Dara Jamieson, Andrew MacGinnitie, and Randy Longman. Exs. G, H, I. On June 10, 2022, Petitioners filed a status report indicating they would like to file a supplemental expert report.

On September 26, 2022, Petitioners filed a status report stating L.A. was now 18-years old and wished to dismiss her case and file a civil action. ECF No. 99. On the same day, a motion to amend case caption was filed. ECF No. 100. I granted the motion to amend case caption the next day. ECF No. 101.

On October 11, 2022, Petitioner filed the instant motion to dismiss her claim. ECF No. 102. In the motion, Petitioner states that she

> has determined that under her circumstances it would not be in her interest to proceed with the prosecution of the Petition. Petitioner wishes to exercise her election under the Vaccine Act so that she may bring a civil action against the vaccine manufacturer. Petitioner's wish to exercise her election under the Vaccine Act to pursue a civil action against the vaccine manufacturer should not be viewed as suggesting that Petitioner does not believe the merits of her claim or that her injuries are not cause by the HPV vaccination…. Petitioner has reviewed decisions and entitlement rulings in [the] Vaccine Program that present issues similar to the issues in her claim. Her review of the case law and an investigation of the facts and circumstances of her case have demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program. In these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program.

*Id.* at 1-2.

## II. Conclusion

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused

by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. Section 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.